**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4362**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

BRANDON ONTRELL WILLIAMS,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:07-cr-01122-PMD-1)

Submitted: September 20, 2013　　　Decided: September 26, 2013

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Ontrell Williams appeals the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment followed by the remainder of his period of supervised release, less his six month sentence. Williams' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious arguments for appeal and that Williams' sentence was not plainly unreasonable. Williams was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

2

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583(e) (West 2000 & Supp. 2013), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656–57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that the court properly revoked supervised release, that Williams' sentence is reasonable, and that the district court did not abuse its discretion. Williams admitted to the three violations. The sentence is within the prescribed statutory range and the Chapter Seven policy statement range, and the district court reasonably determined that a sentence at the low end of the range was appropriate in this case. Moreover, in accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing,

of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED